IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HARRY LEE HUNTER, JR., )
)
          Plaintiff, )
)
v. ) 1:21CV695
)
SHERIFF BOBBY F. KIMBROUGH, JR. )
et al., )
          Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants Sheriff Bobby F. Kimbrough, Jr., Major Carleton, Captain Whitt, Captain B. Warren, Captain Chenault, and Sabrina Robinson's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry 27.) For the following reasons, the undersigned recommends that Defendants' motion to dismiss be denied.

## I. BACKGROUND

Plaintiff, a *pro se* pretrial detainee proceeding *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 on September 7, 2021. (Compl., Docket Entry 2; *see also* Docket Entries 1, 6.) In the Complaint, Plaintiff contends Defendants, employed at the Forsyth County Sheriff's Department, including the Sheriff's Department, violated his Fifth and Fourteenth Amendment rights to due process by extending his stay on segregation and placing him in full restraints every time he is out of his cell without a hearing, and he never received a disciplinary infraction warranting his placement in full restraints. (*See generally* Compl.)

Specifically, Plaintiff alleges that on April 16, 2020, while at the Forsyth County Detention Center, he was placed on an extended stay of segregation for one indecent exposure infraction, per the request of Defendant Whitt, who stated Plaintiff was a security threat. (Id. at 7, 8.)[1] Defendants Chenault, Warren, and Robinson approved of Defendant Whitt's request, and he continues to remain in segregation. (Id. at 6, 8.) Then in May 2020, Defendants Whitt, Warren, Robinson, and Chenault placed Plaintiff on full restraints for refusing to lockdown. (Id. at 6, 7, 8; Docket Entry 2-1 at 1.)

Further, Plaintiff alleges that in regards to his extended stay in segregation he never attended a hearing to defend himself, nor received "advance written notice of the hearing," or the hearing decision of why they kept extending his stay in segregation. (Compl. at 8, 9.) Additionally, he alleges that Defendants used his criminal record to extend his stay in segregation. (Docket Entry 2-1 at 4.) He also alleges that he "never received a written notice of the reason why [he] was placed on full restraints or went to a hearing for it," he was not given a chance to present evidence, he never "got the right to defend" himself, and he did not receive a disciplinary infraction for his eleven-month placement on full restraints. (Compl. at 6, 8, 9.) Moreover, he alleges he "complained" to Defendants Slater, Carleton, and Kimbrough, but they did not correct their staff, and he remained in segregation. (Id. at 9, 11, 12; Docket Entry 2-1 at 2.)

Additionally, Plaintiff alleges that due to being placed in full restraints, anytime he comes out of his cell he is in handcuffs and shackles, which remain on the "whole time,"

---

[1] Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

including during indoor recreation and while using the law library tablet. (Compl. at 10, 11; Docket Entry 2-1 at 2.) Moreover, he alleges that due to remaining in segregation he is only allowed three hours out of his cell a week, less phone time, one weekly visit, and no religious services. (Compl. at 6; Docket Entry 2-1 at 2.) Further, due to being on full restraints, he fell on one occasion and hurt his back, he could not exercise, and his extended stay in segregation makes him "sad and stressed." (*Id.* at 10, 11, 13.) Lastly, he alleges that as a pretrial detainee he should not be "punished." (Docket Entry 2-1 at 4.)

For relief, Plaintiff seeks damages and injunctive relief to change the policy and procedure so that, *inter alia*, an inmate cannot be held in segregation without due process and requiring a certain amount of infractions for an extended stay in segregation, and that he be moved back to general population. (Compl. at 10, 14, 15.) In addition, he seeks medical attention for his back pain. (*Id.* at 15.) He also attached numerous documents including inmate request forms seeking to be taken off full restraints, moved to general population, and to be brought before the Special Class Review Board. (Docket Entry 2-1 at 5-12.) In addition, he included a April 16, 2020 memorandum from Defendant Whitt to Defendant Chenault stating that Plaintiff should continue in segregation after he was placed in disciplinary segregation status on March 28, 2020 for masturbating in front of a female officer. (*Id.* at 20.)

Defendants Kimbrough, Carleton, Whitt, Warren, Chenault, and Robinson collectively filed a motion to dismiss and supporting brief, in lieu of an answer, on April 21, 2022. (Docket Entries 27, 28.) The Clerk of Court issued a *Roseboro* letter to Plaintiff advising him of his right to respond to Defendants' motion to dismiss. (*See* Docket Entry 29.) Subsequently, on May 2, 2022, Plaintiff filed a document docketed as a "response in opposition" to Defendants'

3

motion to dismiss. (Docket Entry 30.)[2] In the document, Plaintiff essentially restates his allegations including that he never received a disciplinary infraction or went to a hearing to be placed on full restraints. (*See* Docket Entry 30.)

## II. DISCUSSION

Defendants contend that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Docket Entries 27, 28.) A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim

---

[2]The undersigned notes that Plaintiff requested for his responsive document (Docket Entry 30) to be "filed as a response in opposition to the defendants Motion(s) to dismiss" (Docket Entry 30 at 1), thus the undersigned construes it as such. Nonetheless, if Plaintiff were attempting to amend the original Complaint under Federal Rule of Civil Procedure 15, as a portion of his response brief is filed on "Complaint" forms, the undersigned notes that the allegations asserted on those forms are mostly redundant of the original Complaint. (*See* Docket Entry 30 at 2-7.) Further, to the extent Plaintiff attempts to assert a conditions of confinement claim in the original Complaint or on any portion of the documents responsive to Defendants' motion to dismiss, as he indicates that his segregation conditions—i.e., receiving only three hours a week out of his cell, coming out of his cell only after 12 p.m. and while being in handcuffs and shackles, permitted only one visit a week, and no religious services—also violates his Eighth Amendment rights, that claim would fail. (*See generally* Compl.; Docket Entries 2-1, 30 at 5, 7.) Because Plaintiff was a pretrial detainee at the time of the events alleged in his Complaint, and to the extent he raises a claim related to his conditions of confinement, separate from the alleged violations of his extended stay in segregation and full restraints, it would be evaluated "under the Due Process Clause of the Fourteenth Amendment." *Durand v. Charles*, No. 1:16CV86, 2016 WL 7495811, at *3 (M.D.N.C. Dec. 30, 2016) (unpublished) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)), *report and recommendation adopted*, 2017 WL 389108 (M.D.N.C. Jan. 26, 2017) (unpublished). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). "As a practical matter, the Due Process Clause analysis is materially indistinguishable from the Eighth Amendment analysis." *Adams v. New Hanover Cnty. Det. Ctr.*, No. 5:16CT3020, 2017 WL 7513347, at *2 (E.D.N.C. June 30, 2017) (unpublished order). Thus, for Plaintiff to establish a prima facie case that his pretrial confinement conditions violate the Due Process Clause, he "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Id.* Here, a conditions of confinement claim would fail because, the conditions Plaintiff alleges do not rise to the level of a constitutional violation, as his allegations do not indicate he was deprived of any "basic human needs." *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989).

4

to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of . . . factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right

5

to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). Further, in ruling on a Rule 12(b)(6) motion, "the court may consider the allegations of the operative complaint, as well as documents attached as exhibits or incorporated into the operative complaint by reference." *Holloman v. Huntington Ingalls Inc.*, 277 (E.D. Va. Nov. 5, 2020).

*Pro se* complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the Court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

In the present case, Defendants argue, *inter alia*, that Plaintiff's Complaint fails to allege that he did not receive an opportunity to present evidence for the indecent exposure infraction that originally resulted in him being placed in segregation; that while he alleges that his time in segregation was extended without a hearing, the law only requires that he receive due process for the original disciplinary infraction; that he fails to state a deliberate indifference claim because his allegations simply amount to mere routine discomfort which falls short of the extreme deprivation standard; and that without a physical injury, Plaintiff cannot recover damages for his depression and mood swings. (*See generally* Docket Entries 27, 28.)

Upon further review, the undersigned concludes that Plaintiff's Complaint sufficiently states a procedural due process claim against Defendants. "[I]t is settled that pretrial detainees possess a constitutional right 'to be free from punishment.'" *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The United States Supreme Court has "recognized a distinction between punitive measures that may not

6

constitutionally be imposed prior to a determination of guilt and regulatory restraints that may." *Bell*, 441 U.S. at 537. Permissible regulatory restraints include administrative and disciplinary measures used by responsible jail officials "to maintain security and order" in detention facilities. *Williamson*, 912 F.3d at 174-75. "Accordingly, jail officials are entitled to discipline pretrial detainees for infractions committed in custody and to impose restrictions for administrative purposes without running afoul of *Bell*." *Id.* at 175. However, "such administrative and disciplinary measures also implicate a pretrial detainee's liberty interest in remaining free from punishment." *Id.* "Thus, proportional restrictions imposed on a pretrial detainee for a permissible purpose can trigger due process protections, pursuant to *Bell* and the Due Process Clause." *Id.*

"[A] pretrial detainee's procedural protections vary according to whether a restriction was imposed for disciplinary or administrative purposes." *Id.*; *see also Gowen v. Enochs*, No. 7:20CV00247, 2021 WL 960702, at *4 (W.D. Va. Mar. 15, 2021) (unpublished). "Importantly, an additional legal principle governs the treatment of pretrial detainees by jail officials: such detainees possess at least the same rights as convicted prisoners. . . . This settled tenant provides further guidance to jail officials concerning the procedural rights of pretrial detainees, because the rights accorded convicted prisoners provide a floor for detainee rights." *Williamson*, 912 F.3d at 176. "With regard to a procedural due process claim, a pretrial detainee's placement in segregation implicates his protected liberty interests." *Gowen*, 2021 WL 960702, at *4. Thus, segregation "may not be imposed without due process." *Id.* (citation omitted).

7

Further, where a restriction is imposed to discipline a pretrial detainee, then he is entitled at least to the protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Id.* Specifically, *Wolff* requires: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* (citations omitted); *see also Williamson*, 912 F.3d at 175-76. "If, however, a restriction imposed by the jail officials is for administrative purposes—which include managerial and security needs—the level of process to which the pretrial detainee is entitled is diminished." *Williamson*, 912 F.3d at 175. "At a minimum, though, the detainee is entitled to the protections set forth in *Hewitt v. Helms*, 459 U.S. 460, [476] (1983)." *Gowen*, 2021 WL 960702, at *5. Specifically, he must be given "some notice of the charges against him and an opportunity to present his views" to the deciding official, although that opportunity may be provided after the fact. *Williamson*, 912 F.3d at 176-77; *see also Gowen*, 2021 WL 960702, at *5. Thus, officials must provide the pretrial detainee with at least an "informal, nonadversary review of the information" supporting segregation, including submissions from the detainee, "within a reasonable time after confining him to administrative segregation." *Williamson*, 912 F.3d at 184 (citation omitted).

"Prisoners are also entitled to periodic review of their confinement to ensure that administrative segregation is not 'used as a pretext for indefinite confinement.'" *Id.* at 177 (citation omitted); *see also Gowen*, 2021 WL 960702, at *5. Moreover, periodic reviews "must be meaningful enough to take into account the 'facts relating to a particular prisoner.'" *Williamson*, 912 F.3d at 183. "Beyond that, 'the precise level of process that is due in a given

8

situation also depends on a balancing of interests' under the test in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Gowen*, 2021 WL 960702, at *5 (citing *Williamson*, 912 F.3d at 177). In accordance with *Mathews* principles, "a reviewing court must weigh the private interests impacted by an official action; the risk of 'an erroneous deprivation of such interest through the procedures used, and the probable value, if any,' of additional safeguards; plus the Government's opposing interests." *Williamson*, 912 F.3d at 177.

Here, the undersigned notes that it is unclear whether Plaintiff was placed on an extended stay of segregation and in full restraints for disciplinary or administrative purposes. (*See generally* Compl.) However, even under the "diminished" level of process that pretrial detainees are entitled to receive for restrictions imposed for administrative purposes, Plaintiff sufficiently alleges that he was not provided with at least an "informal, nonadversary review of the information" supporting an extended stay on segregation. (*See generally* Compl.) Specifically, Plaintiff alleges that he did not receive a decision as to why Defendants kept extending his stay in segregation and he did not have the opportunity to defend himself. (Compl. at 8-9.) Moreover, contrary to Defendants' contentions, the law does not only require that Plaintiff receive due process for the original disciplinary infraction, as he is also entitled to a periodic review of his confinement, to ensure that his placement in segregation is not used as a pretext for indefinite confinement. *Williamson*, 912 F.3d at 176-77. Thus, given that Plaintiff's allegations suggest he could have been placed in extended segregation and in full restraints for either disciplinary or administrative purposes, as he alleges Defendants stated he was a security threat and refused to lockdown, his allegations sufficiently allege he was not afforded the proper level of due process under either *Wolff* nor *Hewitt* to remain in segregation

after he completed time for the indecent exposure infraction. *See Love v. Sheahan*, 156 F.Supp.2d 749, 756-57 (N.D. Ill. 2001) (concluding that a pretrial detainee adequately stated a procedural due process claim, because he alleged that defendants failed to provide him with a written explanation of the reason for his confinement in segregation, failed to consider relevant exculpatory evidence, and did not afford him a hearing either before or at any point during his extended stay in segregation). Therefore, the undersigned recommends denying Defendants' motion to dismiss.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendants Sheriff Bobby F. Kimbrough, Jr., Major Carleton, Captain Whitt, Captain B. Warren, Captain Chenault, and Sabrina Robinson's motion to dismiss (Docket Entry 27) be **DENIED** and that the procedural due process claims against Defendants be allowed to proceed.

_____
Joe L. Webster
United States Magistrate Judge

January 20, 2023
Durham, North Carolina